RICHARD McALLISTER ET AL., RELATORS, v. ATLANTIC CITY, RESPONDENT.

Argued November 9, 1916—Decided March 7, 1917.

1. A city is not required to purchase or condemn land for park purposes under *Pamph. L.* 1894, *p.* 146, and a writ of *mandamus* will not be allowed when it appears that the cost of purchase or condemnation will require a bond issue beyond the legal limit.
2. A writ of *mandamus* will not issue to enforce a contractual obligation. In such case a private party has a remedy by an action for damages.
3. Objection to the legal sufficiency of a plea to an alternative writ of *mandamus* should be presented by demurrer and not by motion to strike out. The Practice act of 1912 does not apply to pleadings resting on a prerogative writ.

---

On demurrer to plea to alternative writ of *mandamus.*

Before Justices GARRISON, PARKER and BERGEN.

For the relators, *Clarence L. Cole.*

For the respondent, *Harry Wootton* and *Gilbert Collins.*

The opinion of the court was delivered by

BERGEN, J.   The relators hold an alternative writ of *mandamus* enjoining respondent to procure the title to all the land within the limit of a public park upon which a pier, known as Heinz Pier, is located, by condemnation, or otherwise, and to cause so much of the pier as is within the limits of the park to be wholly removed therefrom.   The writ recites that in 1907 relators were the owners of a strip of land eighty feet wide, adjoining Rhode Island avenue, and extending southerly at that width to the exterior line established by the riparian commissioners; that April 8th, 1907, they conveyed to Atlantic City all their interest in said land, beginning in the interior line of the public park of the city and running southerly to the said exterior line; that, as authorized by statute, the respondent, by ordinance adopted October 9th, 1899, did establish the inland line of a park along the ocean front; that the aforesaid conveyance granted the interest conveyed, for and only for, use as a public park, except that the city might maintain along the interior line an elevated public boardwalk; that the grantee covenanted that the lands granted and dedicated to public use should forever be and remain open, so that the view oceanward from the elevated public walk should be free, open and unobstructed, and that no use should be made of the land inconsistent with its use as a public park; that when the deed was delivered there existed a pier known as Heinz Pier, connected with the boardwalk and extending into the ocean about five hundred feet on which are two enclosed pavilions, one within and the other without the park limits, but neither on the land granted to the city by the relators, but that about one hundred feet of the pier crosses a corner of said land; that the city is the owner of all the land within the park limits except the Heinz, and three other like piers, and

what is called the Lindley tract, and that relators have requested respondent to acquire and remove so much of the Heinz Pier as is within the limits of the park, which request has not been complied with.

The city filed a plea, setting up that the determination of the question of the necessity of procuring title to land for a park is vested in the city and not subject to *mandamus;* that the statute fixes no time for acquiring the land; that when relators conveyed, that portion of the structure they now seek to remove was on the land; that relators have, since giving the deed consented to the continuance of the platform, and have collected rent for the use of it by the pier company; that in 1885 the city authorized the construction of the pier and it was in existence when relators conveyed, subject to an agreement dedicating a strip sixty feet wide for the boardwalk; that the boardwalk was moved oceanward, owing to accretions, which required the destruction of three hundred feet of the pier, and the city agreed with the pier company that it would not interfere with so much of the pier as was within the park limits unless all other piers within the limits of the park were acquired by condemnation; that the city is not financially able to take over all the piers, as it would require a bond issue beyond legal limit, and that to condemn so much as is within relators' conveyance would not accomplish the purpose relators seek. To this plea relators demur and argue that the presence of the pier within the boundaries of the park is an obstruction in violation of the terms of the deed. This may be granted and yet the question remains whether the city can be required by *mandamus* to condemn land for park purposes, because it has acquired a part, or because of a covenant in a deed for some of the land. We do not think it can be.

In the first place, the law (*Pamph. L.* 1894, *p.* 146) does not require the city to acquire, it has the legal right, but is not compellable, and *mandamus* will only issue when the city refuses to perform an express legal duty, and there is in this case no such duty imposed.

In the second place, the deed does not aid the relators, for the writ is never rested on a contractual obligation, in such cases the private party has his action for damages. *Mabon* v. *Halstead*, 39 *N. J. L.* 640. Again, it will never compel what cannot lawfully be done, and in this plea it appears that the city has no funds to pay any award and cannot raise it by a bond issue, as it would require a sum in excess of legal limit.

A notice to strike. out the plea was given, as well as demurrer thereto, and the question was raised as to which was proper; we are of opinion that this being a proceeding resting on a prerogative writ,.the Practice act of 1912 does not apply, and that the objection should be raised by demurrer and not by motion to·strike out.

The demurrer will be overruled.